UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF AMERICA, a Connecticut insurance company,<br><br>      Plaintiff,<br><br>      v.<br><br>KENDRICK BROS. ROOFING, INC., a Utah corporation; WESTERN ROOFING, INC., a Utah corporation; ZITTING BROTHERS CONSTRUCTION, INC., a Utah corporation; BUILT-TO-LAST, an Idaho corporation; ALLIANCE LEVEL-BUILD, LLC f/k/a FEDERAL CONSTRUCTORS CORPORATION, a Utah limited liability company; UNITED SUBCONTRACTORS, INC. dba TABOR INSULATION, a Utah corporation; STANDARD DRYWALL, INC., a California corporation; HENNESSY COMPANY, an Idaho limited liability company; and DOES 1-10,<br><br>      Defendants. | Case No. 1:10-cv-00604-BLW<br><br>MEMORANDUM DECISION AND ORDER |

**MEMORANDUM DECISION AND ORDER - 1**

# INTRODUCTION

Before the Court is the issue of Travelers Indemnity Company of America's and Okland Construction Company, Inc.'s legal relationship, as it pertains to this lawsuit and Travelers' discovery obligations. Related to this issue are three separate motions to compel (Dkts. 136, 139, 141), filed by Defendants Zitting Brothers Construction, Inc., Kendrick Bros. Roofing, Inc., and United Subcontractors, Inc., respectively. These defendants maintain that Travelers stands in Okland's shoes as the assignee of Okland's claims against defendants, and Travelers discovery responses have been deficient. For the reasons set forth below, the Court finds that Travelers does stand in Okland's shoes, and therefore Travelers must meet any discovery obligations that would have fallen on Okland as the plaintiff in this lawsuit, including providing adequate responses to the defendants' discovery requests and making an Okland representative available for deposition.

# ANALYSIS

This dispute arises over a delayed construction project. CG Elkhorn Hotel, LLC hired Okland Construction Company to act as the general contractor overseeing the construction of the Elkhorn Springs Residential Condominium project, located in Sun Valley, Idaho. In March 2008, CG Elkhorn sent notice and an opportunity to cure alleged defects in the construction of the project to Okland. Okland sent a timely notice of CG Elkhorn's claim to its insurer, Travelers.

According to CG Elkhorn, Okland failed to provide a proposal to cure the alleged defects in Okland's work.  *Compl.* ¶ 13, Dkt. 2-1.  In response, CG Elkhorn filed this lawsuit in November 2010, naming Okland as the sole defendant. Okland then brought third-party claims against some of its subcontractors, including Zitting Brothers Construction, Kendrick Bros. Roofing, and United Subcontractors, alleging that its liability to CG Elkhorn, if any, arose from the subcontractors' acts or omissions in performing their work on the project. CG Elkhorn and Okland agreed by stipulation to resolve their dispute in an arbitration proceeding.  The subcontractor defendants agreed to stay this suit pending resolution of the arbitration.

Okland and its insurer, Travelers, negotiated and reached a settlement with CG Elkhorn for Okland to pay CG Elkhorn $1,000,000.  Okland then reached a settlement with Travelers by which Travelers would pay $1,000,000 in settlement to CG Elkhorn and Okland would assign its third-party claims against the subcontractors to Travelers. As part of the settlement agreement between Travelers and Okland, Okland agreed to "provide reasonable cooperation in all matters and to all tasks and endeavors necessary to allow Travelers to carry out or realize the terms of [the settlement agreement], and specifically with respect to the prosecution of the assigned Subcontractor Claims." *Okland-Travelers Settlement Agreement* at 4, section 4(e), Ex. 1 to Fuhrman Aff., Dkt. 129-1.

Upon Travelers' request, the subcontractor defendants in this lawsuit stipulated to allow Travelers to substitute as the plaintiff.  Travelers was permitted to file a Second Amended Complaint on April 12, 2013.

Since that time, the subcontractor defendants have served discovery on Travelers, each of which has apparently elicited the same response from Travelers – (1) it is not Okland, (2) it does not stand in the shoes of Okland for the purposes of discovery, (3) it is not responsible for securing Okland's attendance at a deposition, and (4) it has no dominion and control over Okland such that Travelers cannot be held responsible for the deficient discovery responses or deposition testimony.

As succinctly stated by the District Court in the Southern District of New York, in responding to the same argument made by an assignee, "[v]iewed from any angle, plaintiff's position cannot be correct." *JPMorgan Chase Bank v. Winnick*, 228 F.R.D. 505, 506 (S.D.N.Y. 2005).  Idaho law allows the assignment of claims. *Purco Fleet Services, Inc., v. Idaho State Dept. of Finance*, 90 P.3d 346, 351 (2004).  "The general rule is that an assignee steps into the shoes of the assignor upon assignment of the interest and takes the assignment subject to the defenses assertable against the assignor." 6A C.J.S. Assignments § 132.  As the assignee of Okland's claims, Travelers therefore steps into Okland's shoes – where it takes on both the potential benefits and obligations of an allegedly wronged party bringing a lawsuit.  To conclude otherwise would be grossly unfair.

As explained by one court facing a similar issue: "It is both logically inconsistent and unfair to allow the right to sue to be transferred to assignees of a debt free of the obligations that go with litigating a claim. If the plaintiff's theory carried the day, the assignor would be able to assign a claim more valuable than it could ever have, because its claim, if pursued by the assignor, would entail certain obligations that, when assigned, would magically disappear." *Winnick*, 228 F.R.D. at 506.  In other words, it would be unfair to the subcontractor defendants to permit Travelers "to divorce the benefits of the claims from the obligations that come with the right to assert them, to the detriment of defendants." *Id.* at 507.  Travelers, as the assignee of Okland's claims and the plaintiff in this lawsuit, therefore bears the same discovery obligations that Okland would carry had it remained the plaintiff.

## ORDER

In accordance with the decision, **IT IS ORDERED** that:

1. Defendants Zitting Brothers Construction, Inc., Kendrick Bros. Roofing, Inc., and United Subcontractors, Inc. dba Tabor Insulation's motions to compel (Dkts. 136, 139, 141) are **GRANTED** to the extent that Travelers have refused to produce information on the basis that it does not have dominion or control over Okland and it does not speak for Okland.  Defendants request for sanctions is **DENIED** at this juncture, however.

2. Travelers, as the assignee of Okland's claims, has a duty to produce the documents, information, and witness testimony to which the subcontractor

defendants would be entitled in discovery from parties under the Federal Rules of Civil Procedure, just as if Okland had continued the action itself on its own claims.

3. Any objections made by Travelers to discovery the subcontractor defendants have propounded based on the assertion that Travelers does not have dominion or control over Okland and it does not speak for Okland are overruled.  In addition, any objection by Travelers that the subcontractor's discovery requests are duplicative of those propounded by Okland are also overruled.

4. If Travelers cannot obtain and produce documents, provide information in response to interrogatories, and/or produce witnesses for deposition from Okland in response to defendants' discovery requests within a reasonable time consistent with the Federal Rules of Civil Procedure, the Court will entertain motions from defendants for appropriate sanctions.

5. If any issues relating to the adequacy of Travelers' discovery responses remain, the parties must meet and confer and try to work out the remaining objections. Defendants shall propound tailored and specific discovery requests, and Travelers must respond accordingly. If the parties cannot work out their remaining objections, they may contact the Court staff to set up an informal conference in accordance with the Court's Case Management Order.

6. The Court will RESERVE ruling on Defendants' Joint Motion for Relief from Civil Rule 30 (Dkt. 141) and Travelers' Cross-Motion for Protective Order

(Dkt. 153). The parties shall contact the Court staff if they still cannot resolve this issue upon reviewing this decision.

DATED: December 9, 2013

B. Lynn Winmill
Chief Judge
United States District Court